Robert V. Cornish, Jr.
**LAW OFFICES OF ROBERT V. CORNISH, JR., PC**
Wyoming Attorney No.: 6-3898
680 South Cache Street, Suite 100
Jackson, WY 83001
Office: (307) 264-0535
Email: rcornish@rcornishlaw.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CASSANDRA MORSS, | Civil Action No. 2:2023-cv-00151 |
| Plaintiff, | |
| v. | |
| ONE TIME BINARY, INC., and SARAH ASHLEY NORRIS a/k/a "JANE DOE 1," | |
| Defendants. | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS

Pursuant to Rule 55 of the Federal Rules of Civil Procedure ("FRCP") Plaintiff Cassandra Morss ("Plaintiff"), by and through undersigned counsel, hereby submits her motion for default judgment against Defendants One Time Binary, Inc. ("OTB") and Sarah Ashley Norris a/k/a "Jane Doe 1" (collectively "Defendants") and states as follows:

## STATEMENT OF FACTS

Defendant Norris contacted Plaintiff via Telegram, a messaging service application, to solicit investment in the cryptocurrency trading services of OTB, which purportedly trades binary options in cryptocurrency. ECF 1 (Compl.), ¶ 6. Norris, through the Telegram messaging application, informed Plaintiff that OTB could provide returns of 2% and higher daily by its trading

of binary options in cryptocurrency and directed her to review OTB's website at http://www.onetimebinary.com. *Id.*, ¶ 10.

Up through August 2022, at the recommendation of Norris and thus OTB, Plaintiff sent $45,000 in cryptocurrency to OTB for trading. *Id.*, ¶ 11. Plaintiff was provided access to a phone application that purported to show returns of over $100,000.00 from her investment from OTB's profitable trading, however, because OTB does not trade binary options or anything else, these supposed profits were illusory. *Id.*, ¶¶ 12-13. When Plaintiff contacted Norris via Telegram to withdraw her funds, Plaintiff was informed she would need to pay $5,000 to release them, when such a fee was not provided for in the terms of service. *Id.*, ¶ 14. For several months, Norris provided excuses and justifications for the failure to return Plaintiff's funds. *Id.*, ¶¶ 16-17. When Plaintiff requested that Norris provide OTB's office address to contact its personnel directly, those requests were rebuffed each time. *Id.*, ¶ 18.

Plaintiff communicated extensively with OTB via their Telegram message platform accounts with the username @Onetimebinarytrade and @thecryptomediagirl for Defendant Norris, as recently as October 2023. *See* Declaration of Robert V. Cornish, Jr. in Support of Plaintiff's Ex Parte Motion for Alternative Service ("Cornish Decl."), ¶ 12, Ex. 7 (Telegram Screenshots). The Telegram messaging application informs a user when another user was last seen on the application and when a recipient has opened the message by displaying two check marks. *Id.*, *see also* Telegram FAQ, https://www.telegram.org/faq#q-what-do-the-check-marks-mean (last visited Mar. 19, 2024). Plaintiff was able to see when both OTB and Norris opened her messages. Plaintiff filed this Complaint on August 25, 2023, asserting causes of action for (i) breach of contract; (ii) breach of the implied covenant of good faith and fair dealing; (iii) negligence, (iv) rescission, and (v) specific performance. ECF 1.

## STANDARD OF REVIEW FOR DEFAULT JUDGMENTS

FRCP 55 governs motions for default judgment. After entry of default by the Clerk of Court, a defendant is precluded from defending a claim on the merits and the well pleaded factual allegations in the complaint relating to liability are taken as true. *See*, *e.g.*, *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) ("Defendant[,] by his default, admits the plaintiff's well-pleaded allegations of fact"); *see also*, *Aubon Pin Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (holding that district court erred by not accepting as true all factual allegations of complaint except those relating to damages); *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1989) (noting that on default, well-pleaded allegations of complaint relating to liability are taken as true, although allegations relating to amount of damages are not); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (default by defendants generally established their liability, but not extent of damages).

A decision "to enter judgment by default [is] committed to the district court's sound discretion." *Dennis Garber & Assocs. v. Pack-Tech. Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997). The district court must also determine whether it has jurisdiction over a defendant who has failed to appear before entering judgment by default. *Dennis Garber & Assocs.*, 115 F.3d at 772. "[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Lim v. Boone*, No. 20-CV-167-F, 2021 U.S. Dist. LEXIS 254713, at *3 (D. Wyo. June 8, 2021).

I.    **The Court Has Subject Matter and Personal Jurisidction over Plaintiff's Claims**

*A. Subject Matter Jurisdiction*

Under 28 U.S.C. § 1332, "[T]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state."

i.   Amount in Controversy

Here, Plaintiff seeks compensatory damages of $45,000, attorneys' fees, and punitive damages of no less than $500,000.00, which collectively exceeds $75,000. ECF 1; *see Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) ("attorneys' fees may be used in calculating jurisdictional amount if statute allows such recovery")[1]; *Arnold v. Mountain W. Farm Bureau Mut. Ins. Co.*, 707 P.2d 161, 164 (Wyo. 1985) ("Punitive damages may be recoverable in an action in tort if the conduct constituting the breach rises to the level of an independent tort . . . [T]o recover punitive damages in an action upon a contract, 'there must be evidence of spite, ill will or willful and wanton misconduct at the inception of a fraudulent contract.'").

Here, the Complaint alleges OTB and Norris were neither registered as investment advisors nor investment advisor representatives in the State of Wyoming or in any other jurisdiction at the time the parties entered into the agreement (the "Agreement") to invest Plaintiffs' funds. ECF 1 at ¶¶ 7-8. Defendant Norris then advised Plaintiff that she could not withdraw her money without paying an additional $5,000 to have her funds released despite the fact that the terms of service did not provide for such fees to be paid. *Id.*, ¶ 14. In accordance with generally accepted practices

---

[1] As further discussed in Section III(C) below, attorneys' fees are recoverable pursuant to Wyo. Stat. § 17-4-509(e).

in the investment management industry, the use of withdrawal fees of over 10% of one's principal is *per se* fraudulent. *Id.*, ¶ 15. This constitutes sufficient willful and wanton conduct for the purposes of recovering punitive damages to meet the amount in controversy.

ii.  <u>Complete Diversity of Parties</u>

Plaintiff is a U.S. Citizen who resides in Wyoming. ECF 1 at ¶ 1. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business" 28 U.S.C. § 1332(c)(1). Although OTB is a corporation of unknown residency, it is clear that OTB has not been registered in Wyoming and Plaintiff has not found any record of a principal place of business in Wyoming. With respect to Defendant Norris, her social media platform suggests that she resides in Florida. ECF 1 at ¶ 3. There is no record of a Sarah Ashley Norris residing in Wyoming. Therefore, subject matter jurisdiction is met as to both Defendants.

B.  *Personal Jurisdiction*

Before addressing the merits of Plaintiff's Motion for Default Judgment, the Court must determine whether it has personal jurisdiction over the defendants. *See Dennis Garberg & Assoc.'s.*, 115 F.3d at 772. It is Plaintiff's burden to establish personal jurisdiction. *Rambo v. Am. S. Inc. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). Plaintiff can satisfy her burden by making a prima facie showing. *See Dudinokov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The Court will take the well-pleaded allegations of the complaint as true in determining whether Plaintiff has made a prima facie showing that personal jurisdiction exists. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008).

A court may obtain personal jurisdiction over a defendant in three ways: "consent by the parties, presence in the forum state, [or] actions by the defendant which affect people in the forum

state." *Qwest Commc'ns Int'l, Inc. v. Thomas*, 52 F. Supp. 2d 1200, 1204 (D. Colo. 1999). A court may exercise specific jurisdiction over a foreign defendant if the cause of action relates to the defendant's contacts with the forum state. *See Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014). To determine whether a defendant's contacts are sufficiently related, courts make a dual inquiry. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). First, the court must consider "whether the defendant has such minimum contacts with the forum state 'that he should reasonably anticipate being haled into court there.'" *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Such "minimum contacts" are present if the defendant has "purposefully directed its activities at residents of the forum" and the litigation "arises out of or results from 'actions by the defendant himself that create a substantial connection with the forum state.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) and *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 109 (1987)). Second, the court must decide "whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Asahi Metal Industry*, 480 U.S. at 113). "This latter inquiry requires a determination of whether a district court's exercise of personal jurisdiction over a defendant with minimum contacts is 'reasonable' in light of the circumstances surrounding the case." *Id.*

Here, Plaintiff resides in Wyoming, and Norris (as an agent of OTB) purposefully directed her efforts at Wyoming by contacting Plaintiff via Telegram for purposes of soliciting Plaintiff's cryptocurrency trading services of OTB. ECF 1 at ¶ 6. This litigation directly arises as a result of those actions. Solicitation by the defendant is evidence of purposeful availment. *See Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291 (10th Cir. 2004). This solicitation is sufficient to invoke personal jurisdiction over Defendants.

## II. The Well-Pleaded Factual Allegations of the Complaint Establish Defendants' Liability for the Claims for Relief

As summarized in the Statement of Facts section above, the well-pleaded allegations of the Complaint support a finding of liability on two of five claims for relief.

### A. Breach of Contract

Taking the facts alleged in the Complaint as true, Plaintiff states valid claims against the Defendants for breach of the Agreement under Wyoming law. Defendants failed to pay Plaintiff amounts owing under the parties' Agreement, despite Plaintiff performing its obligations thereunder. *Reynolds v. Tice*, 595 P.2d 1318, 1322-23 (Wyo. 1979). Plaintiff is entitled to contract damages. As is well-settled law in Wyoming:

> Contract damages are intended to give the injured party the benefit of the bargain—to place the injured party in the same position he would have been if the breach had never occurred. *See, e.g., McCullough v. Golden Rule Ins. Co.*, 789 P.2d 855, 859 (Wyo. 1990) ("Wyoming generally recognizes the benefit of the bargain damages in relation to contractual damages."); *see also Restatement (Second) of Contracts § 347* (1981). The objective of the law is to compensate the injured party for breach, not to provide them a windfall. *Madison v. Marlatt*, 619 P.2d 708, 713-14 (Wyo. 1980).

*Legacy Builders, LLC v. Andrews*, 2014 WY 103, ¶ 17, 335 P.3d 1063, 1068 (Wyo. 2014). Following *Legacy Builders*, Plaintiff's well-pled claims for contractual damages, taken as true, entitle her to relief under the cause of action for breach of contract.

### B. Breach of the Implied Covenant of Good Faith and Fair Dealing

Also included in Plaintiff's well-pled Complaint is a cause of action against Defendants for breach of the implied duty of good faith and fair dealing inherent in every contract in Wyoming. Here, Plaintiff stated that she performed the duties contractually undertaken thereunder with the expectation that Defendants would pay or cause to pay what was agreed upon by the parties. Defendants, in violation of their implied duty of good faith and fear dealing, failed to pay Plaintiff.

Defendants have not only failed to pay Plaintiff, but also to appear before this Court despite comprehensive service efforts. Norris, as an agent of OTB, caused OTB not to honor its obligations in violation of the implied duty of good faith and fair dealing.

> Under Wyoming law, the implied covenant requires that neither party to a commercial contract act in a manner that would injure the rights of the other party to receive the benefit of the agreement. *Scherer Constr., LLC v. Hedquist Constr., Inc.*, 2001 WY 23, P 19, 18 P.3d 645, 654 (Wyo. 2001). It requires the parties to act in accordance with their agreed common purpose and each other's justified expectations. *Id.* A breach of the implied covenant occurs when a party interferes or fails to cooperate in the other party's performance. *Id.*

*City of Gillette v. Hladky Constr., Inc.*, 2008 WY 134, ¶ 30, 196 P.3d 184, 196 (Wyo. 2008).

Here, the Complaint alleges Defendants acted in a manner that was clearly intended to injure Plaintiff despite Plaintiff's honoring of contractual obligations. Plaintiff, by way of violations of the implied duty of good faith and fair dealing in contracts by Defendants, was in fact injured and not compensated as promised. Following *City of Gilette*, Plaintiff's implied duty of good faith and fair dealing in contracts claim entitles her to relief as to all Defendants.

### C.  Negligence/Negligent Misrepresentation

"Negligence occurs when one fails to act as would a reasonable person of ordinary prudence under like circumstances. To establish negligence, a plaintiff must prove: (1) the defendant owed the plaintiff a duty to conform to a specified standard of care; (2) the defendant breached the duty of care; (3) the breach proximately caused injury to the plaintiff; and (4) the injury is compensable by money damages." *JTL Grp., Inc. v. Gray-Dockham*, 2022 WY 67 ¶ 39, 510 P.3d 1070 (Wyo. 2022) (quotations and citations omitted).

OTB and Norris owed Plaintiff common law duties to exercise reasonable care in the management of its business affairs and performance of its obligations in connection with the

provision of investment management services. OTB breached its duty of reasonable care to Plaintiff and acted carelessly, negligently, and/or recklessly in its conduct of business with Plaintiff in violation of Plaintiff's clear instructions and established practices in the investment management industry. Norris breached her duty of reasonable care to Plaintiff and acted carelessly, negligently, and/or recklessly as an agent of OTB. Norris negligently represented that OTB was a legitimate enterprise that would trade her funds as promised and return them. ECF 1, ¶ 34. Further, Norris negligently represented that OTB had difficulties in returning her funds when in fact OTB/Norris absconded with the funds. *Id.* Defendants knew or should have known in the exercise of reasonable care that its actions or omissions would harm Plaintiff. Defendants' failure to exercise reasonable care are the direct and proximate causes of Plaintiffs' sustained losses of $45,000. *Id.*, ¶ 36. The court should therefore grant default judgment against Defendants as to the negligence cause of action.

### D.  *Rescission under Wyoming Securities Laws*

OTB was required to register as an investment adviser in the State of Wyoming because it solicited investment management services to a resident of State of Wyoming for compensation as per Wyo. Stat. § 17-4-403(a). Norris was required to register as an investment adviser representative in the State of Wyoming since she acted as an agent for an investment adviser seeking to manage the funds of a resident of the State of Wyoming for compensation. *See* Wyo. Stat. § 17-4-404(a). Neither of the Defendants were registered as the laws of the State of Wyoming requires. Plaintiff is entitled to rescission of her investment made through OTB and Norris as provided by Wyo. Stat. § 17-4-509(e), which requires the return of her money plus interest at 6% per annum until it is returned.

### E.   *Specific Performance*

"[T]he remedy of specific performance is available to compel the performance of a contract on the precise terms agreed upon or such a substantial performance as will do justice between the parties under the circumstances." *Davis v. Harmony Dev., LLC*, 2020 WY 39, ¶ 28, 460 P.3d 230, 239 (Wyo. 2020). Plaintiff requests that Defendants be ordered to complete specific performance of Plaintiff's instruction to withdraw her funds from OTB and return them immediately.

### III.   **Plaintiffs Have Set Forth Sufficient Proof of Damages**

"The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Plaintiff respectfully submits that the declaration of counsel submitted herewith constitutes sufficient proof of Plaintiff's damages and that no hearing for damages is necessary.

### A.   *Compensatory Damages*

"In general, the legal remedy for a breach of contract is the award of damages designed to place the plaintiff in the same position in which he would have been had the contract been fully performed." *Winter v. Pleasant*, 2010 WY 4, ¶ 25, 222 P.3d 828, 838 (Wyo. 2010) (quoting *Dewey v. Wentland*, 2002 WY 2, ¶ 52, 38 P.3d 402, 420-21 (Wyo. 2022)). Plaintiff seeks $45,000 in compensatory damages, which represents the amount of money she furnished to Defendants.

### B.   *Punitive Damages*

Plaintiff further seeks punitive damages of $500,000.00 for Defendants' failure to comply with the Wyoming Uniform Securities Act ("WUSA"). WUSA does not expressly prohibit recovery of punitive damages. "There is no precise ratio [of punitive damages to compensatory

damages] that is excessive as a matter of law." *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1233 (10th Cir. 2000) (citation omitted). "Infliction of economic injury, especially when done intentionally through affirmative acts of misconduct, or when the target is financially vulnerable, can warrant a substantial penalty." *Id.* at 1232 (quoting *BMW of North Am., Inc. v. Gore*, 517 U.S. 559, 576 (1996)). Scam artists like Plaintiff that prey on Wyoming citizens must be punished for their malevolent schemes, or else they will believe their actions have no consequences. Thus, the court should award $500,000.00 in punitive damages.

### C.  Interest

Wyo. Stat. § 17-4-509(e) permits recovery of interest at 6% per annum until Plaintiffs' investment is returned.

### D.  Attorneys' Fees

Wyo. Stat. § 17-4-509(e) provides that a person acting as an investment adviser (representative) that provides investment advice for compensation in violation of Wyoming securities laws may be held liable for "reasonable attorneys' fees determined by the court."  With respect to attorneys' fees, counsel for Plaintiff entered into a percentage-of-recovery agreement with Plaintiff for 25% of any damages award or settlement figure. *See* Declaration of Robert V. Cornish, Jr. in Support of Plaintiff's Motion for Default Judgment ("Cornish Decl."), ¶ 4. The percentage-of-recovery approach awards fees based on a specified percentage of a fund. Lead counsel Robert V. Cornish, Esq. is a highly reputable Plaintiff's attorney with over 29 years of practice specializing in financial services litigation and has successfully prosecuted prior cases to judgment. *Id.*, ¶ 5. Plaintiff thus requests 25% of the damages figure awarded—$123,750 123,70.00—for attorneys' fees.

    *E.  Costs*

Wyo. Stat. § 17-4-509(e) permits recovery of costs expended by a purchase to maintain an account to recover consideration paid for a security. Plaintiff's counsel spent $402 to file the Complaint, and $190 to serve the Defendants via process server. *See* Cornish Decl., ¶¶ 6-7; Ex. 1. As part of ongoing efforts to locate, identify, and serve Defendants, Plaintiff's counsel also expended $275 to serve subpoenas on third-party communications service providers. *Id.*, ¶ 8, Ex. 2. Plaintiffs further spent $552 to generate an NFT for alternative service via the Court's order. *Id.*, ¶ 9. This amounts to a total of $1,419.00

**PRAYER FOR RELIEF**

    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court grant her Motion for Default Judgment against Defendants for the sum certain of $620,119 plus interest at 6% per annum until Plaintiffs' investment is returned. A proposed order is provided in conjunction with this Motion.


Dated: March 25, 2024

                               Respectfully Submitted,

                               */s/ Robert V. Cornish, Jr.*
                               Robert V. Cornish, Jr.
                               Wyoming Attorney No.: 6-3898
                               **LAW OFFICES OF ROBERT V. CORNISH JR., P.C.**
                               680 South Cache Street, Suite 100
                               Jackson, WY 83001
                               Office: (307) 264-0535
                               Email: rcornish@rcornishlaw.com


                               *Counsel for Plaintiff*