Robert V. Cornish, Jr.
**LAW OFFICES OF ROBERT V. CORNISH, JR., PC**
Wyoming Attorney No.: 6-3898
680 South Cache Street, Suite 100
Jackson, WY 83001
Office: (307) 264-0535
Email: rcornish@rcornishlaw.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CASSANDRA MORSS,<br><br>  Plaintiff,<br><br>v.<br><br>ONE TIME BINARY, INC., and SARAH ASHLEY NORRIS a/k/a "JANE DOE 1,"<br><br>  Defendants. | Civil Action No. 2:2023-cv-00151 |

## PLAINTIFF'S SUPPLEMENTAL BRIEFING IN RESPONSE TO ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Cassandra Morss ("Plaintiff"), by and through undersigned counsel, hereby submits this supplemental briefing in response to the Court's Order Granting in Part Plaintiff's Motion for Default Judgment Against Defendants One Time Binary, Inc. and Sarah Ashley Norris a/k/a "Jane Doe 1" (the "Order") [ECF 14]. In the Order, Judge Rankin authorized supplemental briefing to discuss Plaintiff's entitlement to an award of punitive damages.

The Wyoming Supreme Court in *Rosty v. Skaj*, 272 P.3d 947, 959 (Wyo. 2012) affirmed the holding in *Adel v. Parkhurst*, 681 P.2d 886, 892 (Wyo. 1984) that "in the absence of evidence of a defendant's wealth or financial condition an award of punitive damages cannot be sustained." However, Wyoming has sought to establish itself as the leading cryptocurrency hub of the United States. It has exacted a series of laws to establish a legal framework for decentralized autonomous

organizations and enacted the Wyoming Blockchain Legislation in 2018. Wyoming cannot allow its current law prohibiting punitive damages in the absence of evidence of financial condition to harm victims like Plaintiff who lose money in financial scams. Failure to amend this law would be an invitation for fraudsters to evade service to avoid an award of punitive damages. Plaintiff should not be denied the opportunity to obtain damages for Defendants' willful and wanton misconduct simply because Defendants chose not to respond to this lawsuit and prevent Plaintiff from obtaining discovery on their financial condition.

Other courts in the Tenth Circuit and other circuits have allowed an award of punitive damages without evidence of defendant's wealth or financial condition, often placing the burden on the defendant to contest any requested amount. *See Day v. Westinghouse Gov't Envtl. Servs. Co.*, No. CIV-01-cv1123 PK/KBM-ACE, 2003 U.S. Dist. LEXIS 30753, *23-24 (D.N.M. July 22, 2003) (rejecting Defendants' suggestion that the Plaintiff, by seeking punitive damages, was required to put on such evidence of defendant's financial condition after defendant not introducing any evidence of same at trial); *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2012 U.S. Dist. LEXIS 17389, *9-10 (D. Kan. Feb. 13, 2012) (finding that under the Kansas's punitive damages statute, the burden of proof on entitlement to punitive damages rests with plaintiff, but defendant has the burden of proof regarding amount and mitigating factors); *Grabinski v. Blue Springs Ford Sales, Inc.*, 136 F.3d 565, 570-71 (8th Cir. 1998) ("[I]t is a defendant's burden to introduce evidence of net worth before a jury for purposes of minimizing a punitive damages award."); *Zarcone v. Perry*, 572 F.2d 52, 56 (2d Cir. 1978) (defendant has the burden of showing financial condition if he wants the condition considered in punitive damages phase); *Kemezy v. Peters*, 79 F.3d 33, 36 (7th Cir. 1996) (holding plaintiff is not required to present financial condition evidence as a condition of seeking punitive damages).

For these reasons, Plaintiff requests a punitive damages award of $45,000, or one times the amount of compensatory damages awarded.

Dated: June 5, 2024

                                               Respectfully Submitted,

                                               <u>/s/ *Robert V. Cornish, Jr.*</u>
                                               Robert V. Cornish, Jr.
                                               Wyoming Attorney No.: 6-3898
                                             **LAW OFFICES OF ROBERT V. CORNISH JR., P.C.**
                                             680 South Cache Street, Suite 100
                                             Jackson, WY 83001
                                             Office: (307) 264-0535
                                             Email: rcornish@rcornishlaw.com

                                             *Counsel for Plaintiff*