FILED

4:06 pm, 6/18/24

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CASSANDRA MORSS,<br><br>Plaintiff,<br><br>vs.<br><br>ONE TIME BINARY, INC., and SARAH ASHLEY NORRIS a/k/a "JANE DOE 1,"<br><br>Defendants. | Case No.  23-CV-151-KHR |

### ORDER DENYING PLAINTIFF'S SUPPLEMENTAL BRIEFING FOR MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS

The issue before the Court is whether punitive damages may be imposed under Wyoming law when there is no evidence of a defendant's financial condition. That determination affects the overall award available to the Plaintiff. The Court declines to enter default judgment for punitive damages in this case because Plaintiff did not present additional findings of fact demonstrating Defendants' financial condition in the Supplemental Briefing. [*See* ECF No. 14, at 16; ECF No. 15]. Rather, Plaintiff acknowledges the controlling Wyoming law and asks this Court to contradict it. [*See* ECF No. 15]. Accordingly, Plaintiff's Supplemental Briefing for Motion for Default Judgment Against Defendants is denied.

## BACKGROUND

On August 25, 2023, Plaintiff filed a Complaint against the above-named Defendants. [ECF No. 1]. After several attempts to serve Defendants, Plaintiff served the Summons and Complaint on Defendants via email correspondence on October 19, 2023, by telegram on November 22, 2023, and transfer of non-fungible token to Defendant's cryptocurrency wallet on January 11, 2024. [ECF No. 10, at 1]. Defendants never responded to the Complaint, and Plaintiff moved for default judgment. [ECF No. 13]. Defendants did not respond to Plaintiff's Motion within the fourteen days allotted by Local Rule 7.1, and the Court entered an Order Granting in Part Plaintiff's Motion for Default Judgment. [ECF No. 14].

In the Order, the Court acknowledged there was a basis for imposing punitive damages against Defendants. [ECF No. 14, at 10]. Defendants' liability for negligent misrepresentation serves as an underlying claim for punitive damages. *Id*. However, the Court noted that before awarding punitive damages courts under Wyoming law must consider, *inter alia*, a defendant's financial condition. [ECF No. 14, at 15]. Without evidence of Defendant's financial condition, punitive damages cannot be entered without further information. [ECF No. 14, at 16]. The Court instructed Plaintiff to file a supplemental brief or request a hearing to determine how and under what circumstances she is entitled to punitive damages. *Id*. Plaintiff filed a Supplemental Brief in Response to Order Granting in part Plaintiff's Motion for Default Judgment and the Court now responds. [*See* ECF No. 15].

## RELEVANT LAW

As "an implement of public policy" punitive damages are intended to punish a defendant and to deter similar behavior from others in the future. *Alexander v. Meduna*, 2002 WY 83, 47 P.3d 206, 218 (Wyo. 2002). "[W]e have looked to multiple factors in determining whether an award of punitive damages is appropriate, including the financial condition or wealth of the defendants, the degree of reprehensibility of the defendant's conduct, and the nature and extent of the injury caused by the defendant's conduct." *Rosty v. Skaj*, 2012 WY 28, ¶ 34, 272 P.3d 947, 958 (Wyo. 2012). Punitive damages are not favored and are awarded "only for conduct involving some element of outrage." *Alexander*, ¶ 40, 47 P.3d at 218. "Outrageous conduct, malice, and willful and wanton misconduct are sufficient bas[is] to warrant punitive damages." *Id*. at ¶ 41, 47 P.3d at 218. The party seeking punitive damages bears the burden of proving the award is proper. *Adel v. Parkhurst*, 681 P.2d 886, 892 (Wyo. 1984).

## RULING OF THE COURT

In her Supplemental Briefing, Plaintiff acknowledged Wyoming law requires a party provide evidence of a defendant's financial condition to determine the propriety of punitive damages. [ECF No. 15, at 1]. However, Plaintiff contends her Motion for Default Judgment for punitive damages should not be barred because Defendants did not respond to the lawsuit. *Id*. at 2. Plaintiff points to other jurisdictions that have allowed punitive damages without information about a defendant's finances and asks the Court to change Wyoming law accordingly. *Id*.

As the Plaintiff conceded, "while punitive damages are discretionary in Wyoming, a court must consider the financial condition or wealth of the Defendant" before awarding these damages. *Rosty*, 2012 WY 28, ¶ 34, 272 P.3d at 958; *see e.g.*, *Adel*, 681 P.2d at 892. The Court ordered the Plaintiff to address deficiencies in the factual findings before a default judgment for punitive damages could be determined. [ECF No. 14, at 16]. Plaintiff's Supplemental Briefing presented no additional findings of fact. [*See* ECF No. 15]. "[T]his Court's role is not to make the law or change it. Our duty is to interpret and apply the law." *Dockter v. State*, 2017 WY 63, ¶ 19, 396 P.3d 405, 409 (Wyo. 2017). Here, Wyoming law is clear that evidence of a defendant's financial condition is necessary to determine whether imposing punitive damages is a proper exercise of the court's discretion. *Adel*, 681 P.2d at 892. Accordingly, the Court denies Plaintiff's Supplemental Briefing for Motion for Default Judgment Against Defendants. Plaintiff has failed to provide the necessary financial information after given the opportunity. This Court's Order granting Plaintiff Default Judgment in the amount of $45,000 is final.

## CONCLUSION

For the forgoing reasons, Plaintiff's Supplemental Briefing for Motion for Default Judgment Against Defendants is denied.

NOW, THEREFORE, IT IS ORDERED, Plaintiff's Supplemental Briefing for Motion for Default Judgment Against Defendants is DENIED.

Dated this 18th day of June, 2024.

_____
Kelly H. Rankin
United States District Judge